**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Ryan Anderson, Trustee on Behalf of Painters District Council No. 30 Pension Fund, Painters District Council No. 30 Health and Welfare Fund, North Central Illinois Finishing Trades Institute, and Painters' District Council No. 30, International Union of Painters and Allied Trades, AFL-CIO, a labor organization,<br><br>Plaintiffs,<br>v.<br><br>Bohemian Construction, LLC,<br><br>Defendant. | Case No. __________ |

**COMPLAINT**

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to confirm an award by a joint labor-management board and to collect delinquent employee benefit fund contributions, union dues, and assessments.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1), and pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2) because the Plaintiff benefit Funds are administered in this judicial district, because the Plaintiff Union is located in this judicial district, because the Defendant does business in this judicial district, and because the events giving rise to Plaintiffs' claims, including Defendant entering into a collective bargaining agreement and breaching that agreement, are all alleged to have occurred in this

judicial district.

**Parties**

4. The Painters District Council No. 30 Pension Fund, the Painters District Council No. 30 Health and Welfare Fund, the Painters and North Central Illinois Finishing Trades Institute, and the International Union of Painters and Allied Trades Finishing Institute, (collectively, "ERISA Funds") are employee benefit trusts and/or plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Ryan Anderson is a fiduciary and trustee of the ERISA Funds.

6. ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

7. Plaintiff Painters District Council No. 30, International Union of Painters and Allied Trades, AFL-CIO ("Union") is a labor organization representing employees in an industry affecting commerce, as defined by LMRA Section 301(a), 29 U.S.C. § 185(b).

8. The Union is entitled to collect dues owed to the Union, assessments to the Painters District Council No. 30 Organization and Defense Fund ["Defense Fund"], and contributions owed to the International Union of Painters and Allied Trades Finishing Trades Institute ("International Apprenticeship Fund"), the Painters District Council No. 30 Labor-Management Industry Development Fund ("LMIDF"), the Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI"), and the International Union of Painters and Allied Trades Union and Industry Pension Fund ("International Pension Fund") (collectively, the International Apprenticeship, LMIDF, LMCI, the International Pension Fund, and the ERISA Funds, are referred to herein as the "Funds").

9. Defendant Bohemian Construction, LLC ("Bohemian Construction") is a Florida limited liability company that is registered as a Foreign LLC with and has business in the State of Illinois. At all times relevant to this Complaint, Bohemian Construction has been engaged in business in the construction industry, has been engaged in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and has been an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and a "party-in-interest" as that term is defined in Section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

**Count I – For Breach of Contract and Delinquent Contributions**

10. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

11. Defendant Bohemian Construction is and has been bound by a collective bargaining agreements with the Union since at least January 20, 2025; the current agreement is effective June 1, 2025, to May 31, 2028 ("CBA").

12. The Funds are third-party beneficiaries of the CBAs entered into between the Union and employers in the painting and drywall industry.

13. The CBA, which govern the terms and conditions of employment for certain employees of the signatory employer, require signatory employers to pay timely pay their employees, remit contributions to the Funds, to withhold and remit dues and assessments and pay contributions to the Union, for all work performed by employees covered by the CBA.

14. The CBA and the trust agreements creating the Funds ("Trust Agreements") require Bohemian Construction to timely remit contributions to the Funds for work performed by covered employees.

15. The CBA further requires Bohemian Construction to withhold dues and

assessments from covered employees' wages and to remit such amounts to the Union.

16. During the period of at least May 2026 through the present ("Delinquent Period"), Bohemian Construction has failed to remit contributions, dues, and assessments to the Union and Funds in accordance with the terms of the CBA.

17. In addition to its failure to timely remit all contributions, dues, and assessments, June interest and liquidated damages have not been paid, and Bohemian has failed to remit any contributions, dues and assessments for the months of July and August, which were due August 15th and September 15th, respectively.

18. Pursuant to the CBA and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Bohemian Construction is liable to the Funds and the Union for all delinquent contributions, dues, and assessments owed for the Delinquent Period; any subsequent contributions, dues, or assessments that become delinquent or are discovered while this action is pending; interest on all delinquent contributions; liquidated damages in an amount equal to the greater of the interest on any delinquent contributions or twenty percent (20%) of the delinquent contributions; and the reasonable attorneys' fees and costs incurred by Plaintiffs in pursuing this action.

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

A. Enter judgment in Plaintiffs' favor and against Defendant Bohemian Construction for:

i. All delinquent wages, contributions, dues, and assessments owed to the Funds and Union;

ii. Interest on the delinquent contributions to the Funds;

iii. Liquidated damages in an amount equal to the greater of the interest on the delinquent contributions owed to the Funds or twenty percent (20%) of the

delinquent contributions; and

iv. Reasonable attorneys' fees and costs incurred by Plaintiffs in connection with this action.

B. Retain jurisdiction of this cause pending compliance with its orders.

C. Grant such further or different relief as this Court may deem proper and just.

**Count II – Confirmation of Award of the Joint Trade Board**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 above as though fully set forth herein.

20. Article 15, § 15.1 of the CBA provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board ("JTB"). The JTB consists of eight members, with four members and an alternate appointed by the Union and four and an alternate appointed by the association that represents signatory employers.

21. Article 15, § 15.4 of the CBA provides that "[a]ny decision or award of the Joint Trade Board shall be final and binding and shall be enforceable as an arbitration award."

22. Article 15, § 15.6(b) of the CBA provides for the payment by any employer found by the JTB to have violated the respective CBA of reasonable attorneys' fees incurred in obtaining judicial enforcement of an award of the JTB.

23. On May 12, 2026, the Union charged Bohemian Construction with multiple violations of various provisions of the Bohemian Construction CBA; specifically, Sections 7.3 (a), 8.4 (a), 8.6 (c), 8.7, 9.4, 9.6, 9.7 (a), 9.8, 10.1, 10.3 (a, b, e, f), and 10.8.

24. That same day, the Union sent Bohemian Construction by electronic mail, certified mail, and first-class mail, notice of the charges along with notice that a hearing had been scheduled before the JTB on May 28, 2026.

25. On June 18, 2026, the JTB held a hearing on the charges against Bohemian Construction, in which Defendant's agent, Dean Scolavino, was in attendance.

26. The Union notified Bohemian Construction of the JTB's decision and award by letter dated June 18, 2026, which it sent by first-class, certified mail, and electronic mail.

27. The JTB ordered Bohemian Construction to pay a fine of $6,500, $4,000 due no later than July 3, 2026, with the remaining amount held in abeyance subject to Bohemian's compliance with the other terms of the JTB order.

28. The JTB's findings and award are final and binding.

29. Following JTB's decision, the delinquent contributions under the charge and fine remained outstanding, as well as contributions for June 2026 and July 2026.

30. On July 23, 2026, JTB sent Bohemian Construction by electronic mail, certified mail, and first-class mail, notice of JTB's decision to assess the full fine of $6,500 along with notice that a hearing had been scheduled before the JTB on August 20, 2026.

31. On August 20, 2026, the JTB held a hearing on the charges against Bohemian Construction, in which Defendant's agent Dean Scolavino was again in attendance.

32. Based upon the evidence presented, the JTB found that Bohemian Construction remained in violation of the CBA by continuing to be delinquent with respect to its benefit fund contributions and by failing to comply rectify the ongoing or repeated contractual violations.

33. The JTB ordered Bohemian Construction to remit all outstanding contributions, including dues check-off for non-Union members working in the Union's jurisdiction by no later than August 28, 2026.

34. On September 2, 2026, the Union received Bohemian Construction's payment of the outstanding June contributions. However, interest in the amount of $6,590.39, calculated as

of September 2, 2026, remains unpaid.

35. To date, Bohemian Construction has not paid the interest due on its delinquency June 2026 contributions, paid the full fine imposed by the JTB, paid all remaining outstanding contributions and accrued interest, and rectified all contractual violations. Accordingly, Bohemian Construction has not fully complied with the JTB's decision and award.

**WHEREFORE**, the Union requests that this Court grant the following relief:

A. Enter judgment in favor of the Union and against Defendant Bohemian Construction confirming the Joint Trade Board's Decision and Award in the amount of $6,500; and

B. Order Bohemian Construction to pay the amounts indicated in the JTB's Decision and Award;

C. Order Bohemian to rectify and correct any and all existing contractual violations referenced during the JTB proceedings;

D. Order Bohemian Construction to pay the Union its reasonable attorneys' fees and costs in connection with the instant action, pursuant to Article 15, § 15.6(b) of the CBA; and

E. Grant such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Brandon Anderson
Brandon Anderson
*One of the Attorneys for Plaintiffs*

Brandon Anderson
Charles Burns
JACOBS, BURNS, ORLOVE & HERNANDEZ, LLP
1 N. LaSalle St., Suite 1620
Chicago, IL 60602
(312) 327-3427
banderson@jbosh.com
cburns@jbosh.com